# UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Konrad Korzeniowski | : | |
| Vs. | : | Civil No. |
| Prosper Market Place | : | **Trial by Jury** |
| Chris Larsen | : | |
| Dough Fuller | : | |
| (Official and individual capacity) | : | 3:10CV337 (WWE) |

### Cause of Action

1. This action is for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1692 et seq., the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq., and for intentional infliction of emotional distress.

### The Parties

2. The plaintiff, Konrad Korzeniowski is a natural person residing in New Britain, Connecticut.

3. The defendant Prosper Marketplace, is California professional corporation and is licensed by the California Department of Banking Financial Lender Licenses # 605-3227 as a Peer to Peer lending Company. Defended corporation reside at 111 Sutter Street, 22nd Floor San Francisco, CA 94104

4. Defendant Chris Larsen is a Chief Executive Officer of Prosper Marketplace a California professional corporation and is licensed by the California Department of Banking Financial Lenders licenses # 6053227 as Peer to Peer lending company. Defended corporation reside at 111 Sutter Street, 22nd Floor San Francisco, CA 94104.

Chris Larsen Individual state of residence and identity are unknown to plaintiff, but this information is readily ascertainable in discovery.

5. Defendant Dough Fuller is Vice President of Operation of Prosper Marketplace a California professional corporation and is licensed by the California Department of Banking Financial Lenders licenses # 6053227 as Peer to Peer lending company. Defended corporation reside at 111 Sutter Street, 22nd Floor San Francisco, CA 94104 Dough Fuller Individual state of residence and identity are unknown to plaintiff, but this information is readily ascertainable in discovery.

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692, 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over the defendants because they engage in business activities within Connecticut.

7. Venue in this Court is proper, because the Plaintiff is a resident of Connecticut.

Defendant Chis Larsen and Dough Fuller is a properly named in this case as both committed an acts or omissions against Plaintiff that would support this suit .See Mattheissen v. Vanech, 266 Conn.,822, 839(Conn.2003)(" Under the common-law principle of respondent superior, an employer is vicariously liable for compensatory damages arising out of the tortuous conduct of his employee when that conduct occurs during the course of the employee's employment")(emphasis in original); Garamella for Estate of Almonte v. New York Med. Coll.,23F Supp. 2d 153, 164 (D. Conn. 1998) Under Connecticut law, a master may be held liable " for willful torts of his servant committed withing the scope of the servant's employment and in furtherance of his master's business"). Chirs Laresen and Dough Fuller is subject to personal jurisdiction in Connecticut pursuant to Broadcast Marketing Int'l LTD, 345 F.Supp 2d 1053, 1057(D, Conn 2004) with pass 2-part test" the Court must first look to the long-arm statue of the forum state, in this case, Connecticut. If the long-arm statue reaches the defendant, the court must then decide whether the exercise of jurisdiction comports with the requisites of due process" See. Preferred Display, Inc v. Vincent Longo, Inc 642 F Supp 2d 98, 100, WL 2400966(D, Conn. 2009); Knipple V. Viking Comm. Ltd, 674 A 2d, 426, 428-29(Conn, 1996). To satisfy due process, Plaintiff must show that Chris Larsen and Dough Fuller has " certain

minimum contacts…with Connecticut so that the maintenance of the suit does not offend traditional notification of fair play and substantial justice" Broadcast Marketing Int'l Ltd 345 F Supp. 2d at 1057 (quoting Int'l Shoe Co. V. Washington, 326 U.S. 310 , 316(1945)). Platinfff allege facts to support Personal jurisidiction under the Connecticut long arm statue. In Myers v. Bennet Law Offices  Jurisdiction and venue is proper See. Panavi-sion Int'l , L.P v. Toeppen, 141, Fd, 1316, 1319-20(9th cir. 1998)

Under Connecticut long arm statue, "a court may exercise personal jurisdiction over any nonresident individual…who…(1) transacts any business within the state(2) commits a tortuous act within the state (3) commits a tortuous act outside the state causing injury to person or property within the state… 4( owns, uses or possesses real properly situated withing the state or (5) uses a computer… located within the state" Connecticut Statutory Sec 52-59b

### IV. FACTUAL ALLEGATIONS

Pursuant to Fed R.Civ P 8, 11 and 12. Plaintiff is stating factual allegation as follow. As set out by the Supreme Court in Bell, Plaintiff must raise his right to relief above the "speculative level" 550 U.S at 554. Plaintiff's complaint against ProsperMaketplace et.al is

8. Konrad has been a victim of Identity Theft and someone has established Prosper Marketplace account to fraudulently use.

9. Konrad  became a victim of a fraud and someone has establish a loan on this account for $1000

10. This loan has been transfer to one of Konrad fraudulent checking account and never touched from that point.

11. Konrad has receiving a calls from Prosper marketplace and found that a loan has been establish for $1000

12. Konrad has found that there was a payment made toward a fraudulent established loan with financial institution.

13. Konrad has notified Prosper Marketplace of a fraudulent established loan on his name and requesting debt validation.

14. ProsperMarket Place has assigned this account to outside collection agency Amsher to collect outstanding balance around $540

15. Collection Agency was not able to collect outstanding balance alleged owned to Prosper marketplace and reverse those account back to Prosper Marketplace

16. Prosper Marketplace charge off this account as "not collectable "

15. Once Plaintiff found that there is a outside balance reported on this credit report Plaintiff immediately contacted Prosper market place and asked to resolve this account by paying full amount alleged owned to Prosper for removal of charge off.

16. ProsperMarketPlace employee named " Carmel " with identity will be release in a discovery period agree on the phone that if Plaintiff pay in full all information will be cleared from this credit bureau with is Tran union Experian and Equifax.

17. ProsperMarketPlace has confirmed those information by sent fax to Plaintiff fax number but fail to stay the terms of verbal contract.

18. Defendant duty is to report accurate information on consumer credit reporting agency. Defendant fails to remove this charge off account from Transunion and Experian Credit reporting.

19. On February 18, 2010 Plaintiff spoke with ProsperMarketPlace employee named " Lance" with identity will be release in a discovery period with didn't provide last name and Lance promised to remove those information from all 3 credit reporting agency, Transunion, Experian and Equifax immediately and fail to accomplish that

20. Employee's of Prosper Marketplace promised to remove that information many times from Credit reporting agency and fail to do it with willfully violate Fair Credit Reporting Act.

On Feb22, 2009 Plaintiff spoke on the phone with Jesslin Smith employee id #47709, Lanse , Cameron employee's for Prosper Marketplace with identity will be release during discovery period stating that " Management" e-mail state that " We are not going to do anything more to you, we have already discussed this issues for so many times and we received request from Dough Fuller to not speak with you"

21. Dough Fuller making inappropriate dehumilated video about Plaintiff on web site http://blog.prosper.com/2009/07/27/collections-series-part-1/#more-1850 with is available to all subscriber and non-subscriber.

21. Plaintiff get denied of a new credit and seeking actual damages, punitive damages and statutory damages for violate of a Fair Credit Reporting Act.

## Count One

## Violation of Fair Credit Reporting Act

## ProsperMarketPlace, Dought Fuller, Chis Larsen

23. Pursuant to Sec 621 (a) of the FCRA, 15 U.S.C 1681s(a)(1), the acts and practices alleged in Paragraph 11-21 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C Sec 45 a and Violation of FCRA.

24. Ninth Circuit District court has commented " that a user cannot obtain consumer information for purpose not permitted under FCRA 15 U.S.C 1692 1681b with false pretense See "Hanson v. Morgan, 582F 2d 1214, 1219(9th Cir 1978)

25. ProsperMarketPlace willfully not compliance with FCRA by keeping inaccurate information in Plaintiff personal credit reporting agency See Aetna Casualty &Su.Co V. Sunshine Corp, 74 F3d 685 699(6th Cir,.1996) (discussing the consequences of willful and negligent noncompliance with the FCRA, 1681n only in reference to willful noncompliance Comeaux v Brown& Williamson Tobacco Co, 915 F 2d1264, 1273,n11(9th Cir1990). This interpretation is also consistent with that of other circuits which, when confronted with a claim that a party is civil liable for proceeding under flase pretenses, have inquired wheter the party acted willfully. See Zamora, 811 F2d at 1370-71. See also Northrop, 134 F3d at 48n.10

26. Under U.S Court of Appeals for the fourth circuit Richard J. Dalton vs. Capital Associated Industries, No 00-2337 Under the Act See e.g Stevenson v TRW,Inc 987 F2d, 288,

294(5th Cir. 1993), Yohay v. City of Alexandria Employees Credit Union, 827 F 2d 967, 972(4th Cir 1987) Plaintiff must only show that the defendant Prospermarketplace et,al " Knowingly and intentionally committed an act in conscious disregard for the rights' of the consumer. Pinner v. Schmidt, 805 F2d 1258, 1263(5th cir. 1986)See also Stevenson, 987 F2d at 294, Yohay, 827 F2nd at 972. Even though summary judgment" seldom appropriate" on wheter a party possessed a particular state of mind, evidence that acted willfully is wholly lacking See. Magill v. Guld &W Indus, Inc 736 F2d 976, 979, (4th Cir 1984).

27. Defendant Prospermarketplace et,al under Sec 616 of FCRA, 15 U.S.C 1681 et seq. can be held liable for actual damages statutory damages of up to $1,000 per violation, punitive damages, attorney's fee and cost for any willfull violation of FCRA substantive requirements.

28. In the words for the Fourth Circuit " to prove willfulness under Sec 616 of FCRA, Platinff must show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of the consumer" See Ausherman V. Bank of Ame. Corp 352 F 3d, 896,900 (4th Circ Court, 2003) See Salton V. Capital Asso, Indus, Inc 257 F3d, 409, 418(4th Cir 2001) see Northrop v. Hoffman of Simsbury, Inc 12 f, App'x 44, 50(2nd cir, 2001)

28. Dough Fuller V.P of ProsperMarketplace willfully non compliance with FCRA according to Eight Circuit courts have held that " willfulness" requires a knowing or intentional violation, and three circurits have specifically rejected the Night Circurit's reckless disregard standard. Only the First, Evelents, and D.C Circurits have not expressed a view on this issue. There is no indication that this division will be resolve with further percolation. In Duscan v. Handmarker, 149 F 3d 42(6th Cir, 1998), the Sixth Circuit similary held that civil liability for " willful noncompliance" requires that the party acted knowingly and willfully id at 429 ,

ProsperMarketPlace has knowledge of violation FCRA base on of case Kennedy v. Border city Sav 747 F 2nd

Employees for Prosper Marketplace were aware of Plaintiff problem for many month's by receiving phone calls and mail but never adequately respond to Plaintiff request and intentionally and willfully not compliance with Fair Credit Reporting Act therefore Plaintiff seeking Defamation pursuant to Sec 1681t(b)(1)(F), financial injury, pursuant to US Court of Appeals, Ninth Circuit, No. 00-15946, Nelson vs. Chase Manhattan and FCRA Section 605 (c). See § Kovacs v. JPMorgan Chase &Co.,Inc, 2010 U.S. Dist. LEXIS 4138(E.D Mich.Jan 20,2010

Platinff has informed, Defendant's that is a victim of Identity Theft, but Defendant is not willing to cooperate with Plaintiff to remove derogatory information from a credit reporting agency Transunion and Experian therefore Defendant is liability for Plaintiff damages. See Matt Kirkpatrick v. Equifax Information Servcies, LLC et al, Stephen G Levine, V. World Financial Network National Bank Structure, Inc Experian Information Solutions, Inc,

Defendant know or should knew that information reported to Plaintiff credit report is inaccurate therefore is fully liable for failing to conduct full investigation. See

Lesley Wenger v. Trans Union awarded $200,000 , See Darryl Duncan v. Jack McClaron Appliance Center,Inc et al "Adelaide Andrews (Andrews) appeals the judgment by the district court in her suit against TRW, Inc. The case involves the rights under the Fair Credit Reporting Act, 15 U.S.C., 1681-1681u (1994 & Supp. II) (FCRA), and Cal. Bus. & Prof. Code 17200 et. seq. (1996), of a person claiming to be damaged by the disclosure of inaccurate credit information by a consumer credit reporting agency such as TRW or Experian"

## Count two

## Violation of Fair Trade Commission Act 15.U.S.C Sec 53(b)

## ProsperMarketPlace, Dought Fuller, Chis Larsen

29. Section 13(b) of the FTC act, 15 U.S.C Sec 53 b) and Sec 814 a of the FDCPA , 15 U.S.C 1269 (1) a, empower this court to grant injunctive and other ancillary relief, including consumer redress, disgorgement and restitution to prevent and remedy and violations of any provision of law enforced by the FTC

## Count Three

## Connecticut Unfair Trade Practices Act
## Prosper Marketplace, Dough Fuller, Chris Larsen

30. Plaintiff incorporates Paragraphs 1-29.

31. Prosper Marketplace, Dough Fuller and Chris Larsen CUTPA by reporting inaccurate information to a credit reporting agency

32. Prosper Marketplace, Dough Fuller and Chris Larsen as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as such to cause substantial injury to consumers.

33. Prosper Marketplace, Dough Fuller and Chris Larsen is liable to Plaintiff for his actual damages (including lost income and damages for emotional distress), punitive damages, and a reasonable attorney's fee.

## VII. COUNT THREE

## Intentional Infliction of Emotional Distress

## Both Defendants

27. Plaintiff incorporates Paragraphs 1-33.

28. Prosper Marketplace, Doug Fuller and Chris Larsen knew, or reasonably should have known, that their conduct would likely cause emotional distress to Plaintiff.

29. ProsperMarketPlace conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

30. ProsperMarketplace and the Dough Fuller actions were willful, wanton and malicious, in that they intended to cause Plaintiff to suffer distress in order to induce Plaintiff to pay the debt in order to relieve the stress.

31. Defendants are liable to Plaintiff for his emotional distress damages plus a reasonable attorney's fee.

## Prayer for Relief

Permanently enjoin the Defendants from violating the FTC act and Fair credit reporting act, Permanently enjoin the Defendants from engaging, directly or indirectly, in the occupation of a peer-to peer lending in any state of the United States of America Monetary damages related to Plaintiff's emotional distress; actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

PLAINTIFF, Konrad Korzeniowski

By: *[signature: Konrad Korzeniowski]*

Konrad Korzeniowski
51 Rackliffe Drive
New Britain CT 06051
P:860-595-9436
F:866-796-38-39
e-mail konrad255@gmail.com